UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK MONTERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-0310-CVE-TLW |
| | ) |
| GARDNER CONSTRUCTION CO., LLC; | ) |
| BRUCE GARDNER; KATHRYN GARDNER; | ) |
| and CITY OF TULSA, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court sua sponte on plaintiff's pro se complaint (Dkt. # 1). The Court has reviewed plaintiff's complaint, in which he alleges that defendant Gardner Construction, LLC, which is owned by defendants Bruce and Kathryn Gardner, installed a defective septic tank near his airplane hanger that rendered the water flowing to the hanger undrinkable. Dkt. # 1, at 1-2. Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp. 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are courts of limited

jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir.1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

Plaintiff asserts that jurisdiction in this Court is proper pursuant to "Title 27A Environment and Natural Resources :: [sic] 2006 Federal Safe Drinking Water Act 42 U.S.C." Dkt. # 1, at 1. "[A] district court may exercise jurisdiction when the cause of action is created by federal law or turns on a substantial question of federal law."[1] Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994); see also 28 U.S.C. § 1331. When deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Title 27A is a title of the Oklahoma Statutes and thus does not support federal question jurisdiction.

---

[1] Plaintiff does not assert that subject matter jurisdiction would be proper under the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. The Court has reviewed the petition and finds that the parties are not diverse; plaintiff and all defendants are citizens of Oklahoma. Dkt. # 1, at 1. Thus, diversity jurisdiction does not exist. See § 1332(a).

2

The Safe Drinking Water Act (SDWA), 42 U.S.C. § 300f et seq., was intended to "assure that the water supply systems serving the public meet minimum national standards for protection of public health." Phillips Petrol. Co. v. U.S. E.P.A., 803 F.2d 545, 555 (10th Cir. 1986) (quoting H.R.Rep. No. 1185, 93d Cong. 2d Sess. 1 (1974)). The SDWA allows an individual to "commence a civil action . . . against any person . . . who is alleged to be in violation of any requirement prescribed by or under this subchapter." 42 U.S.C. § 300j-8(a). However, district courts confronted with claims under the SDWA have found that plaintiffs may not use the SDWA's private right of action to recover compensatory damages. E.g. Harding-Wright v. D.C. Water & Sewer Auth., 350 F. Supp. 2d 102, 106-07 (D.D.C. 2005); Boone v. DuBose, 718 F. Supp. 479, 484 (M.D. La. 1988) (citing Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1 (1981)). Where a particular federal remedy does not exist, federal courts lack subject-matter jurisdiction over a claim seeking that remedy. See Harding-Wright, 350 F. Supp. 2d at 107 (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 153 (4th Cir. 1994)); cf. Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 812 n.10 (1986) ("When we conclude that Congress has decided not to provide a particular federal remedy, we are not free to 'supplement' that decision in a way that makes it 'meaningless.'"). In his complaint, plaintiff requests "relief in the amount of 4.5 million dollars; loss of marketibility [sic] of prvate [sic] property." These are compensatory damages, and plaintiff therefore seeks a remedy that this Court may not award him.[2] Thus, the SDWA does not provide the Court with subject-matter jurisdiction over the complaint.

---

[2] A plaintiff might rely on violations of the SDWA in seeking compensatory damages as part of a tort claim under state law. Batton v. Ga. Gulf, 261 F. Supp. 2d 575, 597-98 (M.D. La. 2003). The Court notes that plaintiff has filed an action regarding the installation of the septic tank in the District Court in and for Tulsa County, Oklahoma. Dkt. # 1, at 4; see also Montero v. Tulsa Airport Auth. et al., No. CV-2014-924 (Dist. Ct. Tulsa Cnty.).

In addition to the SDWA, plaintiff asserts that the installation of the septic tank violated federal regulations. E.g. Dkt. # 1, at 2. However, the Court's research has shown no federal regulation addressing the installation of a septic system. Cf. 40 C.F.R. 257.1(c)(4) (stating that certain federal regulations related to solid waste disposal facilities and practices "do not apply to the location and operation of septic tanks"); 40 C.F.R. Pt. 141, Subpt. O, App'x A (2015) (noting the potential for contaminants in public drinking water as a result of septic tank leaching). In the materials attached to his complaint, plaintiff refers to the relevant regulations as "[f]ederally [m]andated 'DEQ' [regulations]." Dkt. # 1, at 13. Plaintiff attached to his complaint several provisions of the Oklahoma Administrative Code related to the Oklahoma Department of Environmental Quality. See Dkt. # 1, at 23-25. Presumably, then, the regulations to which plaintiff refers in his complaint and attached materials are state, not federal, regulations. Regardless, no federal regulations provide a basis for federal subject matter jurisdiction here.

Broadly construing the allegations of plaintiff's complaint, the Court finds the complaint does not present a federal question, and plaintiff has not invoked any other basis for federal subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(h)(3), plaintiff's case must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's case is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 3rd day of June, 2015.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE